UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
DANIEL BROWN,                                                    :    07 CV 2611 (ARR)
                                                                 :
                              Petitioner,                        :    NOT FOR
                                                                 :    ELECTRONIC OR
       -against-                                                 :    PRINT PUBLICATION
                                                                 :
ROBERT ERCOLE, Superintendent,                                   :    OPINION AND ORDER
Green Haven Correctional Facility,                               :
                                                                 :
                              Respondent.                        :
                                                                 :
---------------------------------------------------------------- X

ROSS, United States District Judge:

By order dated July 17, 2007, the court, sua sponte, ordered petitioner to show cause why his petition should not be dismissed as time-barred. The court further directed petitioner to show cause why, should the court find the petition to be timely, his petition should not be dismissed without prejudice for failure to exhaust state remedies, given that his petition for leave to appeal the New York Supreme Court's denial of his N.Y. C.P.L. § 440.10 motion was still pending. Petitioner's affirmation, filed on August 14, 2007, argues that his petition is not time-barred and also informs the court that the Appellate Division has now denied leave to appeal the § 440.10 decision, rendering his petition fully exhausted. Petitioner's arguments, however, fail to justify additional statutory tolling or equitable tolling of the statute of limitations, and therefore the petition is dismissed as time-barred.

By the court's calculation in the July 17, 2007 order, after deducting for time tolled while state post-conviction motions were pending, 370 days had passed since petitioner's conviction

1

became final. Petitioner contends that the court should have used March 1, 2004 as the date that petitioner's conviction became final, rather than February 29, 2004, leap year day. Even if the court accepts petitioner's argument in this regard, the petition still exceeded the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by four days.

Petitioner claims that he is entitled to an additional five-day period of tolling to allow for mailing of the Court of Appeal's September 5, 2005 order denying leave to appeal the Appellate Division's denial of his coram nobis petition. In support of this contention, he relies on N.Y. C.P.L.R. § 2103(b)(2), which provides, in relevant part, that "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period." The court finds no reason why it should rely on this statute to toll the statutory period for filing a habeas petition by an additional five days. Under 28 U.S.C. § 2244(d)(2), the one-year limitation period under AEDPA is tolled while state post-conviction motions are "pending." "[A] state postconviction application remains pending until the application has achieved final resolution through the State's postconviction procedures. . . . After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." Lawrence v. Florida, 27 S.Ct. 1079, 1083 (2007) (internal citations omitted). Therefore, once the Court of Appeals issued its order denying leave to appeal, the coram nobis petition was no longer pending because no further state court remedies were available. Accord Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (holding that the tolling period ended on the date that the Appellate Division's denial of a coram nobis petition was filed rather than the date the order was received because, under New York law at that time, further appellate review was

unavailable). Therefore, there is no basis for petitioner's argument that the statute of limitations should be deemed to run from the date of service of the order rather than the date the order was issued.

Petitioner also fails to establish this was a "rare and exceptional circumstance" justifying equitable tolling of the limitations period. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). As the court's July 17, 2007 order observed, "[t]o merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17). Petitioner attributes the delay in filing his N.Y. C.P.L. § 440.10 motion until January 20, 2006, which in turn affected the time for which the statute of limitations on his § 2254 petition was tolled, to "the extraordinarily slow process by which prisoners receive mail and their limited communication with the outside." (Boyle Affirm. ¶ 18.) Robert Boyle, petitioner's attorney, explains that he mailed a draft of petitioner's affidavit to his client on either January 7 or January 9, 2006, and that petitioner did not receive the affidavit until January 17, 2006 and was not able to reach his attorney by telephone to provide corrections until January 19, 2006. (Id. ¶¶ 13 n.2, 16.) While the court sympathizes with the challenges attorneys face in representing incarcerated clients, the situation described fails to justify equitable tolling. A ten or twelve-day delay between the date an affidavit was mailed and the date petitioner received it and was able to contact his attorney could have been reasonably anticipated and would not constitute the requisite extraordinary circumstance.

Moreover, given that Mr. Boyle commenced representation of petitioner in late 2004 or early 2005, it is not clear from the circumstances described in the affirmation why he failed to prepare and mail petitioner's affidavit earlier. Mr. Boyle explains that his investigation of petitioner's case and the issues that could potentially be raised in a § 440.10 motion "proceeded slowly in part due to the passage of time and also because of the limited resources of the Brown family." (Boyle Affirm. ¶ 10.) Petitioner's attorney states that he did not receive affidavits from the witnesses relevant to petitioner's § 440.10 motion until late December 2005. (Id. ¶ 12.) As explained in the affirmation, petitioner's attorney was aware of the time that had elapsed in the AEDPA limitations period but did not begin to draft the § 440 motion until late December 2005 and did not mail a draft of petitioner's own affidavit to his client until early January 2006. (Id. ¶ 12.) This delay by petitioner's attorney in preparing the draft affidavit by petitioner for submission to the § 440 court and his failure to anticipate mail processing delays at petitioner's correctional institution and difficulties in speaking via telephone appears to be careless error. Attorney error will not normally justify the application of equitable tolling, but "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." See Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003). Here, the actions of petitioner's attorney, while unfortunate, do not constitute sufficiently egregious conduct so as to warrant equitable tolling. In addition, the explanation of the delay provided to the court is not sufficient to establish the required element of reasonable diligence during the period petitioner seeks to have tolled.

## CONCLUSION

The court dismisses the instant petition for a writ of habeas corpus as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

                                              s/ Judge Allyne R. Ross
                                              Allyne R. Ross
                                              United States District Judge

Dated: September 12, 2007
        Brooklyn, New York

SERVICE LIST:

    Petitioner's Attorney
    Robert J. Boyle, Esq.
    299 Broadway
    Suite 806
    New York, NY 10007

    Attorneys for Respondent
    Kings County District Attorney
    Renaissance Plaza
    350 Jay St., 19th Floor
    Brooklyn, New York 11201-2908

    Attorney General of the State of New York
    120 Broadway
    New York, NY 10271